WEIMÉR, J.,
dissenting.
hi very respectfully dissent for the reasons assigned by the dissenting judge in the appellate court. Among the most notable reasons is the plaintiff failed to prove age-based comments were attributed to decision-makers, whose actions led to plaintiffs constructive discharge. The age-based comments plaintiff presented at trial were made by police offícérs' who were lower ranking than the plaintiff. The plaintiff failed to show that the-lower-ranking officers were decision-makers for any of the adverse employment actions plaintiff claimed occurred. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (“In a disparate treatment case, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer’s decision.”)
The uncontroverted evidence regarding decision-making authority established that the police chief held and exercised such authority. The police chief assigned plain *441 tiffs duties, cited plaintiff for insubordination, imposed a suspension for the insubordination, and rescinded the suspension when the plaintiff declared his intent to retire. ,
li/The plaintiff had the burden at trial to “prove that age was the ‘but-for’ cause of the employer’s adverse decision.” Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). Plaintiff failed to carry this burden. There was no evidence by which the jury could find an age-based motivation for the police chiefs actions, which is why the plaintiff attempted—unsuccessfully—to equate plaintiffs subordinates as his superiors for the purposes of the employment actions taken prior to plaintiffs announced plan to retire. For the period of time, after the plaintiffs retirement announcement, plaintiff failed to demonstrate the existence of any actionable, adverse employment action that might rise to the level of forcing his hand into a constructive discharge. Even assuming plaintiffs post-retirement announcement assignment to . a brief patrol duty at a university research center constituted an adverse employment action, plaintiff failed to demonstrate age-based animus. Instead-of the change of duties being grounded in age discrimination, the record evidence demonstrates that, after plaintiffs announcement, the police chief changed plaintiffs duties to facilitate transitioning the department to function after the plaintiffs actual retirement.